In the

# United States Court of Appeals

## For the Seventh Circuit

No. 19-2330

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

RUMAEL GREEN,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 17 CR 00625-1 — **Jorge L. Alonso**, *Judge.*

ARGUED MAY 22, 2020 — DECIDED SEPTEMBER 16, 2020

Before BAUER, EASTERBROOK, and WOOD, *Circuit Judges.*

BAUER, *Circuit Judge.* Rumael Green was indicted for possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). A security guard stopped and searched Green at a Chicago Housing Authority (CHA) public housing unit. After recovering a handgun, the security guard called the Chicago Police Department. At trial, Green moved to suppress the gun.

The district court ruled that the security guard was not a state actor subject to the Fourth Amendment. Green entered a conditional guilty plea, reserving the right to appeal the denial of his motion. For the following reasons, we affirm.

## BACKGROUND

The events leading to the indictment occurred on January 27, 2017, when Green was visiting a friend at a CHA public housing unit in Trumbull Park. Sirjohn Hudson, a security guard employed by AGB Investigative Services (AGB), dropped off another guard before entering the unit. In the laundry room, Hudson attempted to stop and search Green. Hudson subdued Green outside the CHA unit and recovered a handgun before calling the Chicago Police Department.

On September 21, 2017, a grand jury returned an indictment charging Green with possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). Green moved to suppress the gun. The district court held an evidentiary hearing where it limited the issue to whether Hudson had reasonable suspicion to justify the search. The court ruled there was no reasonable suspicion. Later in a memorandum opinion and order, the court denied Green's motion to suppress by holding he had failed to establish that the private security guard was a government agent. Green entered a conditional guilty plea and reserved the right to appeal the denial of his motion.

## DISCUSSION

The question on appeal is whether Hudson was a state actor who is subject to the Fourth Amendment. In reviewing the district court's denial of a motion to suppress, we review legal

questions *de novo* and factual findings for clear error. *United States v. Stewart*, 902 F.3d 664, 672 (7th Cir. 2018). The Fourth Amendment is inapplicable "to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the government or with the participation or knowledge of any government official." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984) (citation omitted).

Green's primary argument is that the CHA delegated its municipal police power to AGB, thereby making Hudson a state actor. However, Illinois law expressly categorizes CHA's police powers as distinct from its power to employ security personnel. 310 ILCS § 10/8.1a. Moreover, the CHA contract in question labels AGB as an independent contractor to perform security services including ensuring unauthorized people do not enter and reporting incidents to the property manager.

We decided this issue with regard to the actions of a CHA private security guard and see no reason to depart from our precedent. In *Wade v. Byles*, 83 F.3d 902 (7th Cir. 1996), we held that a private security guard, even when authorized to use deadly force in self-defense and arrest trespassers pending police arrival, was not a state actor. Hudson, like the other security guards, was contracted to perform private security functions and acted without any direct government involvement. Therefore, the Fourth Amendment is inapplicable.

The judgment of the district court is AFFIRMED.